## ORDER

PER CURIAM.

Randy Carter, Movant, appeals from the judgment denying his Rule 24.035 motion for post-conviction relief. This is the second time we have addressed this case. In *Carter v. State,* 924 S.W.2d 580 (Mo.App. E.D.1996), this Court remanded Movant's case for the motion court to conduct an inquiry to determine if Movant's post-conviction counsel had abandoned him. *Luleff v. State,* 807 S.W.2d 495, 498 (Mo. banc 1991). Upon remand, a hearing was held and the motion court determined there was no abandonment by post-conviction counsel.

On appeal, Movant contends the inquiry did not show sufficient compliance with Rule 24.035(e).[1]

We have reviewed the briefs of the parties and the record on appeal and find the motion court's decision is not clearly erroneous. Rule 24.035(k). An extended opinion would have no precedential value. We affirm the judgment pursuant to Rule 84.16(b).

Raymund J. Capelovitch, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, for respondent.

Before GRIMM, P.J., and PUDLOWSKI and GARY M. GAERTNER, JJ.

### ORDER

PER CURIAM.

Appellant, Ronald Taylor, appeals the judgment entered by the Circuit Court of the City of St. Louis after a jury found him guilty of first degree assault, RSMo section 565.050 (1994), second degree assault, RSMo section 565.060 (1994), and armed criminal action, RSMo section 571.015 (1994).

We have reviewed the briefs of the parties, the legal file, and transcript. As an extended opinion would serve no jurisprudential purpose, we affirm the judgment of the trial court pursuant to Rule 30.25(b).

■

**STATE of Missouri, Respondent,**

v.

**Marvin HUNTLEY, Defendant/Appellant,**

**Marvin HUNTLEY, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 65768, 72067.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 3, 1998.

■

**STATE of Missouri, Respondent,**

v.

**Ronald TAYLOR, Appellant.**

No. 71303.

Missouri Court of Appeals,
Eastern District,
Division One.

March 3, 1998.

---

1. In a *pro se* point on appeal, Movant also argues that he could not be convicted pursuant to Section 195.020, RSMo 1986 (repealed 1989) because it was repealed in 1989 after he allegedly committed the crimes. We have disregarded

Movant's *pro se* point on appeal pursuant to Eastern District Court of Appeals Rule 380 which prohibits the filing of *pro se* briefs, pleadings or papers where a party is represented by counsel.